NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW TURULL, | No. 17-17280 |
| Plaintiff-Appellant, | No. 1:16-cv-00222-LEK-KJM |
| v. | MEMORANDUM* |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 27, 2019**

Before: FARRIS, LEAVY, and TROTT, Circuit Judges.

Matthew Turull appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act. We have jurisdiction under 28

U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided clear and convincing reasons for discounting Turull's testimony, including the lack of supporting medical evidence, inconsistencies between Turull's testimony and the record, and Turull's reported daily activities. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Although Turull advocates an alternative interpretation of the medical records, he has not shown that the ALJ's interpretation was unreasonable. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

The ALJ did not err by rejecting examining physician Dr. Madjar-Galanto's and audiologist Wong's opinions. The ALJ cited other medical opinions in the record contradicting Dr. Madjar-Galanto's opinion, thus providing specific and legitimate reasons supported by substantial evidence to reject Dr. Madjar-Galanto's opinion. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). Audiologist Wong is not classified as an "acceptable source" under the agency's regulations, thus providing a germane reason for rejecting Wong's opinion. *See Molina*, 674 F.3d at 1111.

The ALJ did not err by assigning great weight to consulting physician Dr. Kwock's opinion. Turull argues that Dr. Kwock's opinion relied upon incomplete information, but Turull fails to identify any specific evidence indicating Turull has

greater limitations than those considered by Dr. Kwock.  Turull's general argument

does not establish any error by the ALJ that affected the nondisability

determination.  *See id.*

The ALJ did not err by declining to hold a supplemental hearing.  Read as a

whole, not just in part, the ALJ's letter dated September 28, 2015, does not

"promise" such a hearing.

Turull contends that his medical records should have been reorganized in

accordance with his request to move certain highlighted records from Section E to

Section F.  The Social Security Program Operations Manual System, however,

specifies that the section where these records were kept, Section E, is the

designated section for "Disability Related Developments," which includes Turull's

disability rating records.  Even assuming the documents were filed in an incorrect

section of the record, Turull has not demonstrated any error resulting in prejudice.

*See id.*[1]

**AFFIRMED.**

---

[1] Contrary to counsel's suggestion that we do not "like" Social Security cases, we take them as seriously as all cases because we understand how important they are to the applicants for disability insurance benefits.  We are not overwhelmed or confused either by the issues or by the Commissioner's presentation of them.